UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 22-20110-CIV-MARTINEZ-BECERRA**

NOEL RICARDO STEPHENS,

      Petitioner,

vs.

GARRETT J. RIPA, in his official capacity as
Field Office Director of U.S. Immigration and
Customs Enforcement Miami Field Office; TAE
D. JOHNSON, in his official capacity as Acting
Director of U.S. Immigration and Customs
Enforcement; ALEJANDRO MAYORKAS, in
his official capacity as the Secretary of the U.S.
Department of Homeland Security; MERRICK
GARLAND, in his official capacity as Attorney
General of the United States,

      Respondents.

_____/

## ORDER ON REPORT AND RECOMMENDATION

    **THE MATTER** was referred to the Honorable Jacqueline Becerra, United States

Magistrate Judge, for a Report and Recommendation on Petitioner's Verified Petition for Writ of

Habeas Corpus ("Petition").  (ECF No. 1).  After conducting a hearing on the Petition, Judge

Becerra filed a Report and Recommendation ("R&R"), recommending that the Petition be granted

in part and denied in part.  (ECF No. 19).  Both Petitioner, (ECF No. 21), and Respondents, (ECF

No. 21), filed objections to the R&R.  The Court, having conducted a *de novo* review of the record

and the issues presented in both sets of objections, agrees with Magistrate Judge Becerra that

Petitioner is entitled to a bond hearing before an immigration judge where the burden of proof is

on the Petitioner.  Although the objections do not raise new issues, the Court will briefly address

1

them given the uncertainties in law raised by the Petition and will also address a factual intricacy in this case that the R&R left open.

Respondents raise two objections to the R&R, arguing that it erred (1) in finding that the Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged; and (2) in finding that Petitioner was not required to exhaust his administrative remedies. (ECF No. 20 at 3–10). Starting with Respondents' first objection, § 1226(c) "provides that '[t]he Attorney General shall take into custody any alien who' is removable from this country because he has been convicted of one of a specific set of crimes." *Demore v. Hyung Joon Kim*, 538 U.S. 510, 513 (2003) (quoting 8 U.S.C. § 1226(c)). It is undisputed here that Petitioner was convicted and served time for crimes requiring mandatory detention under § 1226(c). (ECF No. 3 ¶¶ 3, 26–27). This mandatory detention "lasts roughly a month and a half in a vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Demore*, 538 U.S. at 530. Importantly, there is no temporal limitation of detention pursuant to § 1226(c), and "aliens detained subject to § 1226(c) have no *statutory* right to a bond hearing." *Hamilton v. Acosta*, No. 20-cv-21318, 2020 U.S. Dist. LEXIS 82730, at *6 (S.D. Fla. May 8, 2020) (emphasis in original), *adopted*, 2020 U.S. Dist. LEXIS 98663 (S.D. Fla. June 4, 2020).

Even though Petitioner has no statutory right to a bond hearing, the question here is whether due process requires one. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Reno v. Flories*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."). When a prolonged detention violates due process is an uncertain area of the law.

2

*See Mehmood v. Sessions*, No. 18-cv-21095, 2018 U.S. Dist. LEXIS 202463, at \*51 (S.D. Fla. Nov. 28, 2018) (describing the legal landscape in the Eleventh Circuit post-*Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)), *adopted*, 2019 U.S. Dist. LEXIS 231294 (S.D. Fla. Jan. 28, 2019)).   In *Sopo v. United States Attorney General*, the Eleventh Circuit joined the First, Second, Third, Sixth, and Ninth Circuits in holding that § 1226(c) contained "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged."  825 F.3d 1199, 1214 (11th Cir. 2016), (hereinafter, *"Sopo I"*), *vacated*, *Sopo v. U.S. Att'y Gen.*, 890 F.3d 952 (11th Cir. 2018), (hereinafter "*Sopo II*").   Some circuits adopted a bright-line approach, requiring that "at the six-month mark, the government [] provide all criminal aliens detained under § 1226(c) with a bond hearing."  *Id.* at 1214.  The Eleventh Circuit, instead, adopted a case-by-case approach, holding that "whether detention of a criminal alien has become unreasonable depends on the factual circumstances of the case."  *Id.* at 1214–16.  As the R&R explained, *Sopo I* enumerated several factors to consider in determining whether detention had become unreasonable.  (ECF No. 19 at 13–14).

Ultimately, the Eleventh Circuit in *Sopo I* vacated the district court's order on the habeas petition.  *See Sopo II*, 890 F.3d at 95.  Appellants then filed a petition for rehearing of that decision. The Eleventh Circuit stayed rehearing pending the U.S. Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018).  *Jennings* abrogated the implicit temporal limitations *Sopo I* read into § 1226(c).  *See id.* at 839, 850–51.  Specifically, *Jennings* held that aliens were not entitled to periodic bond hearings under § 1226(c).  *Id.*  But *Jennings* did not address the constitutional issues raised by a prolonged mandatory detention under § 1226(c).

Instead of filing supplemental briefing addressing the impact of *Jennings* on *Sopo I*, the government in *Sopo I* moved to dismiss the appeal as moot because the petitioner was no longer

in immigration custody.  *See Sopo II*, 890 F.3d at 95.  The Eleventh Circuit granted the motion to dismiss and vacated *Sopo I*.  *Id.*  Accordingly, when a mandatory detention under § 1226(c) becomes unconstitutional remains an unanswered question in this Circuit post-*Jennings*.  It is clear, however, that § 1226(c) "does not foreclose as-applied challenges—that is, constitutional challenges to the applications of the statute[.]"  *Nielsen v. Preap*, 139 S. Ct. 954, 972 (2019).

While acknowledging *Jennings*, the R&R nevertheless found the *Sopo I* factors to be persuasive authority.  (ECF No. 19 at 13).  Post-*Jennings*, other courts in this Circuit have also applied the *Sopo I* factors because "the analysis in *Sopo I* concerning prolonged § 1226(c) detention remains persuasive and is particularly instructive when assessing the constitutionality of prolonged § 1226(c) detention."  *See Msezane v. Gartland*, No. 19-cv-51, 2020 U.S. Dist. LEXIS 39480, at *15–16 (S.D. Ga. Jan. 29, 2020) (collecting cases), *adopted*, 2020 U.S. Dist. LEXIS 37687 (S.D. Ga. Mar. 2, 2020).  Applying the facts to those factors, the R&R concluded that Petitioner was entitled to a bond hearing.  (*Id.* at 14).

Contrary to Respondents' contentions, the R&R accurately and thoroughly explained the law with respect to § 1226(c), *Demore*, *Sopo I*, and *Jennings*.  Indeed, the R&R addressed the holdings of *Demore* and *Jennings*, and concluded that "Petitioner's pre-removal detention has exceeded the brief period contemplated by the Court in *Demore*[.]" (ECF No. 19 at 17).  In addition, Respondents simultaneously argue both that the R&R should not have relied on *Sopo I* and that the R&R misapplied the *Sopo I* factors.  The Court agrees with the R&R and other courts in this Circuit that *Sopo I* remains persuasive authority as to the due process implications of a prolonged detention under § 1226(c).  With respect to the application of *Sopo I*, Respondents argue that the R&R "did not tie the *Sopo* factors to the ultimate question [of whether] . . . the prolonged immigration detention without a bond hearing [has] become unreasonable, unjustified, or arbitrary in light of the purpose of § 1226(c)."  (ECF No. 20 at 3–4).  While the Court does not believe the

R&R is unclear on this point, the Court nevertheless makes explicit, based on the R&R's factual analysis the Court now adopts, that continuing to detain Petitioner without giving him a bond hearing violates his due process rights.

The wrinkle here is that Petitioner has already obtained a bond hearing. But there is a question about whether that bond hearing is a legal nullity. The Court pauses now to revisit the facts. In June 2011, the Western District Court of New York convicted Petitioner of conspiracy to possess with intent to distribute over one-hundred kilograms of marijuana, and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 15-2 at 5–6; ECF No. 3 ¶ 26). The Department of Homeland Security initiated removal proceedings against Petitioner based on those convictions. (ECF No. 3 ¶ 27). After completing his criminal sentence, Petitioner was transferred to Respondents' custody around July 15, 2019. (ECF No. 3 ¶ 31). A little over a month later, Petitioner submitted his I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. (ECF No. 3 ¶ 33). The IJ denied his application. (ECF No. 3 ¶ 35). Petitioner timely appealed that decision, and the BIA dismissed the appeal. (ECF No. 3 ¶¶ 36–37). Petitioner appealed the BIA's decision to the Third Circuit Court of Appeals. (ECF No. 3 ¶ 38). On July 8, 2020, the Third Circuit stayed Petitioner's removal until the court decided Petitioner's appeal of the BIA's decision. (ECF No. 3 ¶ 39; ECF No. 3-15; ECF No. 3-16). On March 29, 2021, the Third Circuit vacated the BIA's decision and remanded to the BIA for further proceedings. (ECF No. 3-17 at 3–4). It is undisputed that the BIA has not taken any further action since the Third Circuit's remand. (*See* ECF No. 3 ¶ 42; ECF No. 15 at 5; ECF No. 19 at 5).

On January 4, 2021—after the Third Circuit had stayed removal—the IJ in York, Pennsylvania conducted a bond hearing and determined that Petitioner was not entitled to be released on bond. (ECF No. 15-2 at 5–8). The IJ found that it had jurisdiction to conduct the

hearing pursuant to *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 226 (3d Cir. 2018), which held that aliens detained under § 1231(a) are entitled to a bond hearing after six months.  (ECF No. 15-2 at 5).  The BIA dismissed Petitioner's appeal of the IJ's decision to deny him bond.  (ECF No. 15-2 at 2–3).

Petitioner argues that the bond hearing conducted by the IJ is a legal nullity because it was held pursuant to § 1231(a), but he is being detained under § 1226(c).  (ECF No. 17 at 10–12).  The R&R did not find the validity of the bond hearing to be a dispositive issue, concluding that "if the January 2021 hearing was a nullity, then Petitioner's pre-removal detention has spanned over two years without any meaningful due process protection," and "[i]f the January 2021 hearing was not a nullity, Petitioner has still been in custody over one year without a bond hearing, a period that this Court and courts across the county have found to be unreasonably prolonged."  (ECF No. 19 at 15 n.3).  There is some support for the proposition that a second bond hearing is required where detention has been unreasonably prolonged since the first bond hearing.  *See Rodriguez v. Barr*, 20-CIV-6581, 2021 U.S. Dist. LEXIS 253505, at *6 (W.D.N.Y. Feb. 10, 2021) (explaining that "[t]o resolve the question of what is due to an alien who . . . has had an individualized bond hearing, the inquiry is the same as in cases where an alien has not received any bond hearing"); *Thomas v. Barr*, No. 20-CIV-6362, 2020 U.S. Dist. LEXIS 178369, at *6 (W.D.N.Y. Sept. 28, 2020) (granting petitioner a new bond hearing where his detention had become unreasonably prolonged since the alien's first, constitutionally adequate bond hearing); *but see Bordot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018) (noting that petitioner's request for a second bond hearing "despite alleging no constitutional defect in the one he received . . . comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking").   As explained below, however, the Court finds that the bond hearing conducted by the IJ in Pennsylvania is void.  Accordingly, the Court declines to adopt the R&R to

the extent it finds that detaining Petitioner for over a year without a second bond hearing is constitutionally unreasonable.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of the following dates:

> "(i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."

*Id.* at (a)(1)(B).  In *Farah v. United States Attorney General*, the Eleventh Circuit held that "section 1231(a) does not govern the detention of an alien whose removal has been stayed pending a final order from the reviewing court."  12 F. 4th 1312 (11th Cir. 2021).  Once the Third Circuit stayed Petitioner's order of removal, his detention was governed by § 1226(c).  *See id.*  Accordingly, the IJ acted ultra vires in holding the bond hearing.  That bond hearing is void.  So here, Petitioner has been detained under § 1226(c) since July 8, 2020, without a bond hearing.  (*See* ECF No. 3-15); *see also Farah*, 12 F. 4th at 1332.  As explained above, the R&R correctly found Petitioner's detention, without a bond hearing, to be unreasonably prolonged.  Separately, the Court overrules Respondents' objection as to exhaustion.  Petitioner need not seek a bond redetermination from the IJ in Pennsylvania because that bond determination is void.

Petitioner objects to the R&R because it (1) does not recommend his outright release from detention; (2) places the burden on Petitioner at the bond hearing; and (3) recommended that the IJ conduct the bond hearing rather than the district court.  (ECF No. 21 at 2–9).  The Court overrules Petitioner's first objection because an individualized bond hearing will adequately

protect his due process rights. *See Sopo I*, 825 F.3d at 1218 ("The government is not required to free automatically a criminal alien who obtains a bond hearing; but the government must at least afford the alien an individualized bond inquiry."); *see also J.N.C.G. v. Warden, Stewart Det. Ctr.*, No. 20-CV-62, 2020 U.S. Dist. LEXIS 154500, at *22 n.5 (M.D. Ga. Aug. 26, 2020) (noting that "the consensus is that ordering a bond hearing is the appropriate remedy when the length of detention has become unreasonable"); *Muse v. Sessions*, 409 F. Supp. 3d 707, 718 (D. Minn. 2018) (finding that an individualized bond hearing "will protect both [petitioner's] rights under the Due Process Clause and the government's legitimate interest in detaining a removable alien when such detention is necessary to serve the purposes of § 1226(c)").

The Court also overrules Petitioner's second and third objections based on guidance from *Sopo I*. The Eleventh Circuit in *Sopo I* concluded that "[l]ike non-criminal aliens, the criminal alien carries the burden of proof and must show that he is not a flight risk or danger to others." *Sopo I*, 825 F.3d at 1220 (citing 8 C.F.R. § 1236.1(c)). In addition, *Sopo I* concluded that "[t]he IJs and BIA already have experience applying these regulations and have standards to guide them in implementing the regulations." 825 F.3d at 1220. With this guidance, the Court finds it is appropriate for the IJ to conduct an individualized bond hearing where the burden of proof is placed on the Petitioner.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that

1.      United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 19), is **AFFIRMED AND ADOPTED IN PART**.

2.      Plaintiff's Petition for Writ of Habeas Corpus, (ECF No. 1), is **GRANTED IN PART AND DENIED IN PART**. Petitioner is entitled to a bond hearing before an immigration judge where the burden of proof is placed on the Petitioner to show that he is not a flight risk or

danger to others.  Petitioner shall obtain a bond hearing before an immigration judge **within seven (7) days of this Order**.

3.      Petitioner may file a request for attorneys' fees and costs **within ten (10) days** of this Order, and Respondents may file a response to any such request **within ten (10) days** of Petitioner's motion.

4.      The Court **ISSUES** a certificate of appealability as to whether the burden at the bond hearing is properly placed upon Petitioner.  This issue is debatable among jurists of reason and other courts could (and have) resolved this issue differently.

5.      The Clerk of Court is **DIRECTED to CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of March, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

9