**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:22-cv-20110-JEM/Becerra

NOEL RICARDO STEPHENS,

    Petitioner,

v.

GARRETT J. RIPA, in his official capacity
as Field Office Director of U.S. Immigration
and Customs Enforcement Miami Field Office,
*et al.*,

    Respondents.

_____/

**REPORT AND RECOMMENDATION[1] ON PETITIONER'S MOTION TO ENFORCE JUDGMENT OR IN THE ALTERNATIVE MOTION TO RECONSIDER JUDGMENT**

**THIS CAUSE** is before the Court on Petitioner Noel Ricardo Stephens' ("Petitioner") Motion to Enforce Judgment or in the Alternative Motion to Reconsider Judgment and Incorporated Memorandum of Law, ECF No. [26] (the "Motion to Enforce").  Respondents Garrett J. Ripa, Tae D. Johnson, Alejandro Mayorkas, and Merrick B. Garland (collectively, "Respondents") filed a Response in Opposition, ECF No. [28] (the "Response"), and Petitioner filed a Reply, ECF No. [29] (the "Reply").  Petitioner filed a Notice of Supplemental Authority prior to oral argument, ECF No. [39].  The Parties appeared before the undersigned via Zoom videoconference for oral argument on the Motion to Enforce (the "Motion Hearing").  *See* ECF No. [41].  Pursuant to this Court's Order following the Motion Hearing, the Parties each submitted a supplemental brief, ECF Nos. [43], [44].  After a review of the instant Motion, the pertinent

---

[1] The Honorable Jose E. Martinez referred this Motion to the undersigned.  ECF No. [31].

1

portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that Petitioner's Motion to Enforce, ECF No. [26], be **DENIED**.

## I.     BACKGROUND

Petitioner is a Jamaican national who was admitted into the United States on a tourist visa on August 17, 1999.  ECF No. [3] ¶ 24.  In May 2004, Petitioner adjusted his status to that of a lawful permanent resident of the United States.  *Id.* ¶ 25; ECF No. [3-1].  On September 2, 2010, Petitioner was convicted of two counts of "Possession of Marijuana for Sale" by the Arizona Superior Court.  *See* ECF No. [15-2] at 5.  Additionally, on June 24, 2011, Petitioner was convicted of Conspiracy to Possess with Intent to Distribute Marijuana and Possession of a Firearm in Furtherance of a Drug Trafficking Crime by the United States District Court for the Western District of New York.  *Id.* at 5–6.  Ultimately, Petitioner was sentenced to 120 months of imprisonment—a term which he has since completed.  ECF No. [15] at 2.

### A.  Removal Proceedings

In June 2013, while Petitioner was serving his criminal sentence, the Department of Homeland Security ("DHS") initiated removal proceedings against him by issuing a Notice to Appear ("NTA").  ECF No. [3] ¶ 27.  Petitioner appeared *pro se* for two hearings before the immigration judge administratively closed the case until Petitioner was closer to completing his criminal sentence.  *Id.* ¶¶ 27–29.

In July 2019, Petitioner's immigration case was re-opened.  On August 28, 2019, Petitioner filed an application for asylum, withholding, and protection under the Convention Against Torture ("CAT") based on his fear that he would face torture in Jamaica due to his work as a criminal informant for the United States Immigration and Customs Enforcement ("ICE"), and because bisexual males face a high likelihood of torture in Jamaica.  *Id.* ¶¶ 33–34.  On December 23, 2019, an immigration judge denied Petitioner's asylum application and ordered him removed from the

United States. *Id.* ¶ 35. Subsequently, Petitioner filed a *pro se* appeal of the immigration judge's asylum determination with the Board of Immigration Appeals (the "BIA"). *Id.* ¶ 36. The BIA dismissed Petitioner's appeal because: (1) he "failed to demonstrate that he was more likely than not to be subject to torture in Jamaica because of his informant status" and (2) he "failed to demonstrate that he more likely than not would be tortured because of his sexual orientation if removed to Jamaica, or that any such torture would be by or with the consent of the Jamaican government." ECF No. [3-17] at 7, 10. In July 2020, Petitioner filed a *pro se* appeal of the BIA's dismissal with the Third Circuit Court of Appeals. ECF No. [3] ¶ 38.

On March 9, 2021, the Third Circuit issued its opinion affirming the BIA's dismissal in part and reversing in part. *See* ECF No. [3-17]. Specifically, the Third Circuit affirmed the denial of Petitioner's CAT claim based on his status as an ICE informant, but reversed the denial based on his sexual orientation. *Id.* at 6, 10. The Third Circuit concluded that the immigration judge erred in affording "little weight to [Petitioner's boyfriend] Ramsay's letter, which detailed both specific death threats by Jamaicans against [Petitioner] because of his bisexuality and Ramsey's [sic.] account of witnessing police turn a blind eye toward the abuse of LGBTQ individuals." *Id.* at 7 (quotations and citations omitted). The Third Circuit remanded the case back to the BIA so that it could re-evaluate Petitioner's CAT claim based on his sexual orientation. *Id.* at 9.

On October 5, 2021, Petitioner, with the help of a *pro bono* immigration attorney, filed a Brief Following Federal Court Remand with the BIA. *See* ECF No. [3-18]. Therein, Petitioner requested, among other things, a new hearing on the merits of his CAT claim. *See id.* For the next ten months, the BIA took no action in Petitioner's case. *See* ECF No. [43].

### B. Habeas Corpus Proceedings

While Petitioner awaited the Third Circuit's decision, on January 4, 2021, an immigration judge conducted a bond hearing, at which Petitioner appeared *pro se*. ECF No. [15-2] at 2. The

3

immigration judge noted that, at the time, Petitioner's appeal with the Third Circuit remained pending and that the Third Circuit had issued a stay of removal proceedings. *Id.* at 6. Notwithstanding, the immigration judge assessed whether Petitioner was eligible for a bond by considering whether the Government had established by clear and convincing evidence that Petitioner posed a danger to the community and a significant flight risk. *Id.* at 6–7. Ultimately, the immigration judge determined that the Government had met its burden and that Petitioner was properly detained without a bond. *Id.* at 8. Petitioner appealed the immigration judge's bond determination to the BIA. *Id.* at 4. The BIA dismissed the appeal, concluding that "the record supports [the immigration judge's] conclusion that the DHS met its burden to establish by clear and convincing evidence that [Petitioner] should be detained without bond because he presents a danger to the community and a flight risk. *Id.* at 3 (citations omitted).

On January 9, 2022, Petitioner filed a Petition for Writ of Habeas Corpus, which he amended shortly thereafter on January 17, 2022. ECF Nos. [1]; [3]. Petitioner's Amended Petition for Writ of Habeas Corpus included one count for unlawful detention in violation of the Fifth Amendment. ECF Nos. [1]; [3] at 24–25. Petitioner requested immediate release from immigration custody, or in the alternative, a bond hearing with the burden of proof to be placed on the Government. *Id.*

On February 18, 2022, the undersigned issued a Report and Recommendation that Petitioner's Amended Petition for Writ of Habeas Corpus be granted in part and denied in part. ECF No. [19]. Specifically, the undersigned found that Petitioner was entitled to a new bond hearing. *Id.* The undersigned recommended that the bond hearing take place before an immigration judge and that the burden of proof be on Petitioner. *Id.* at 20. Both Parties objected to the Report and Recommendation. ECF Nos. [20], [21]. The District Judge "agree[d] with [the undersigned] that Petitioner is entitled to a bond hearing before an immigration judge where the

4

burden of proof is on the Petitioner," and accordingly adopted the Report and Recommendation in part on March 3, 2022. ECF No. [22] at 1.[2]

On March 9, 2022, Immigration Judge Yon K. Alberdi (the "IJ") conducted a bond hearing (the "Bond Hearing") pursuant to the District Judge's Order, ECF No. [22]. *See* ECF No. [43-1]. At the conclusion of the Bond Hearing, the IJ denied Petitioner's request for bond based on his finding that Petitioner is a danger to the community. *Id.* at 26–27. Petitioner did not appeal the IJ's decision to the BIA. ECF No. [26] at 4.

### C. The Instant Motion

Petitioner filed the instant Motion to Enforce on May 10, 2022. ECF No. [26]. Petitioner contends that the March 9, 2022, Bond Hearing was so constitutionally deficient that it failed to remedy the due process violation of his prolonged detention. *Id.* at 7. Petitioner's Motion to Enforce seeks two forms of relief: (1) that this Court enforce its March 3, 2022, Order by ordering a new individualized bond hearing with constitutional safeguards to ensure compliance with due process; or, in the alternative, (2) that this Court reconsider its March 3, 2022, Order by placing the burden of proof on Respondents and/or requiring a District Judge, rather than an immigration judge, to conduct the bond hearing, or by ordering the immediate release of Petitioner. *Id.*

Respondents filed a Response on May 24, 2022. ECF No. [28]. Respondents argue that Petitioner's Motion to Enforce is not properly before this Court because Petitioner failed to exhaust administrative remedies. *Id.* at 3. Specifically, Respondents assert that Petitioner was first required to appeal the IJ's bond determination to the BIA before challenging the determination in this, or any, Court. *Id.* Additionally, Respondents contend that even if the constitutional challenge

---

[2] The District Judge further held that Petitioner's January 4, 2021, bond hearing was a legal nullity and thereby void. ECF No. [22] at 6.

is properly before this Court, Petitioner is asking the Court to impermissibly substitute its own factfinding into the IJ's bond determination. *Id.* at 4–6.

Petitioner filed a Reply on May 31, 2022. ECF No. [29]. Petitioner's Reply asserts that Petitioner need not appeal to the BIA prior to raising this issue with the Court because the remedy sought is enforcement and/or reconsideration of a District Court Order. *Id.* at 1–2. Petitioner also clarifies that he challenges only the constitutionality of the Bond Hearing, not the factual determinations of the IJ. *Id.* at 3.

At the Motion Hearing, Respondents reiterated their position that Petitioner can be indefinitely detained pursuant to the mandatory detention provision of Section 1226, for as long as Petitioner's CAT claim remains pending. *See* ECF No. [41]. Respondents also maintained that *any* challenge to an IJ's decision—whether related to due process or otherwise—lies only with the BIA and not with the District Court. However, Respondents conceded that this Court has authority to review whether a bond hearing took place in compliance with the District Court's order, without analyzing the IJ's decision.

Petitioner argued that the District Court is empowered to analyze the Bond Hearing from a due process standpoint, specifically, whether the Court's Order was complied with when Petitioner was given his Bond Hearing on March 9, 2022. Petitioner also argued that the Court should reconsider its decision to the extent that it placed the burden of proof on Petitioner and ordered the bond hearing before the IJ as opposed to the District Court.

Following the Motion Hearing, the undersigned ordered Respondents to file a transcript of the Bond Hearing within seven days, as well as an affidavit outlining any steps taken to ascertain the status of Petitioner's immigration filings, and allowed the Parties to submit supplemental briefing limited to the issue of due process surrounding the Bond Hearing. ECF No. [41]. Respondents filed both an audio recording and transcript of the Bond Hearing. ECF No. [42].

Respondents' supplement asserts that the Bond Hearing comported with due process because: "the IJ allowed Petitioner and his witness to testify, and for his counsel to make argument"; "[t]he IJ listened to and evaluated the testimony and asked follow-up questions"; "[t]he counsel for the Department of Homeland security offered an extensive breakdown of Petitioner's criminal history and his propensity to reoffend"; "[t]he IJ discussed Petitioner's extensive criminal record and cited that as the basis for finding that Petitioner was a danger to the community"; and "[t]here is also nothing in the transcript indicating that IJ harbored some type of bias against the Petitioner." *Id.* at 4. In response, Petitioner's supplement argues that the Bond Hearing violated due process because: "the IJ failed to comply with agency standards" when he "did not make a finding that Petitioner is a 'danger to the community'"; "[t]he IJ here failed to take any steps to clarify how or if Petitioner constitutes a *present* danger to anyone"; and Petitioner's "[p]rolonged detention is punitive when other options are readily available that are more humane, more cost-effective, and in line with due process," such as "conditional release". ECF No. [44] at 4–10.

As to Petitioner's underlying immigration proceedings, Respondents filed a declaration on September 6, 2022, stating that the BIA had remanded Petitioner's case to the immigration court on the day of the Motion Hearing. ECF No. [43] at 6–7. On October 20, 2022, Petitioner filed a status report with this Court regarding those immigration proceedings. ECF No. [45]. Petitioner informed the Court that there has been no further movement on his case, and no hearing has been set on remand. *Id.*

## II. ANALYSIS

"Courts have the inherent power to enforce compliance with their lawful orders[.]" *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991); *see also Davis v. Post Univ., Inc.*, 497 F. Supp. 3d 1252, 1263 (S.D. Fla. 2019) ("It is well settled that federal courts possess inherent authority to enforce their own orders and to police their own

7

proceedings."). "A motion to enforce a judgment previously entered by the court is proper and may be made any time after the entry of judgment." *Advanced Diabetes Treatment Centers, LLC v. Sebelius*, No. 09-cv-61698, 2012 WL 13071337, at *5 (S.D. Fla. Dec. 11, 2012) (citing *Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610*, 900 F.2d 608, 615 (3d Cir. 1990); FED. R. CIV. P. 70; *Gilbert v. Johnson*, 490 F.2d 827, 829 (5th Cir. 1974)), *report and recommendation adopted by* 2012 WL 13071339 (S.D. Fla. Dec. 11, 2012).

It is undisputed that Petitioner is subject to mandatory pre-removal detention under 18 U.S.C. § 1226(c). ECF Nos. [28] at 3; [44] at 4. However, that detention cannot be without limitation. Accordingly, the Court ordered an individualized bond hearing before an immigration judge, which occurred on March 9, 2022. *See* ECF No. [43-1]. The question before the Court now is whether the Bond Hearing comported with due process, to which Petitioner is entitled. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

After thorough review of the Bond Hearing transcript, audio recording of the Bond Hearing, and the supplemental briefing, the undersigned finds that the Bond Hearing comported with due process. Petitioner does not assert that he was not given notice of the Bond Hearing. *See generally* ECF Nos. [26], [44]. Petitioner appeared for the Bond Hearing via videoconference and was accompanied by counsel. ECF No. [43-1] at 2–3. Prior to the Bond Hearing, Petitioner's counsel submitted 128 pages of supporting documentation, which the IJ admitted as an exhibit at the time of the Bond Hearing. *Id.* ("And counsel, I did receive your motion with bond, with – looks like 128 pages of supporting documentation. I'll mark that as Bond Exhibit Number 1."). The IJ extensively questioned Petitioner and provided opportunity for both Petitioner and his

counsel to present evidence and argument. *Id.* at 2–26. The IJ also called Petitioner's sponsor, Brittany Spears, and gave her an opportunity to testify on behalf of Petitioner. *Id.* at 19–26. Counsel for Respondents was given the opportunity to cross-examine Petitioner and Ms. Spears, which counsel declined to do. *Id.* at 17, 25. Counsel for Respondents did present argument, and the IJ further questioned Petitioner based on that argument. *Id.* at 17–19.

Petitioner's arguments regarding the IJ's decision, both in the Motion to Enforce and supplemental briefing, center around the IJ's consideration, explanation, and weighing of the evidence. *See* ECF Nos. [26], [44]. While Petitioner may disagree with the IJ's conclusion, it is beyond this Court's authority to reweigh the evidence presented to the IJ and reach a conclusion of its own. Petitioner's assertion that "[b]oth DHS and the IJ failed to state how [Petitioner's] old past convictions make him currently dangerous" is flawed for two reasons. ECF No. [26] at 13. First, although Petitioner takes issue with the fact that DHS did not present evidence that Petitioner is a present danger, such a showing was not necessary because the burden of proof was on Petitioner. *Id.* at 11. Second, Petitioner takes issue with the IJ's "apparent failure to give any consideration whatsoever to [Petitioner's] compelling and comprehensive evidence," and instead rely primarily on past convictions. *Id.* at 11–18. However, whether the IJ placed more weight on past convictions than Petitioner's rehabilitation evidence is entirely within the judge's discretion, and does not speak to the issue of due process. Because the Bond Hearing comported with due process, Petitioner's Motion as to enforcement of judgment should be **DENIED**.

As to whether the Court should reconsider and Order that the burden at a bond hearing be shifted to the Government, and/or that the Court conduct the bond hearing, the Court recommends that the Motion be **DENIED**. Petitioner lodged the same arguments as objections to the February 18, 2022, Report and Recommendation. *See* ECF No. [21]. The District Judge explicitly overruled those objections in his March 3, 2022, Order adopting the Report and Recommendation in part.

9

ECF No. [22] at 7–8 ("The Court overrules Petitioner's first objection because an individualized bond hearing will adequately protect his due process rights . . . The Court also overrules Petitioner's second and third objections based on guidance from *Sopo I* [regarding the burden of proof]."). There are no new arguments here that would support the Court's reconsideration of this point. Thus, the undersigned **RECOMMENDS** that the Motion to Enforce be **DENIED** as to the portion seeking reconsideration as well.

Petitioner's argument regarding the unconstitutionality of his prolonged detention is not before the Court at this time. This is not to say that the issue cannot be raised again.[3] In Petitioner's earlier petition in this Court, the District Court *did* grant habeas relief. The relief that was ordered was not release, but rather, that the immigration court hold an individualized hearing, which did occur on March 9, 2022. ECF No. [22] at 7–8. Since the March 3, 2022 Order, Petitioner's situation has not materially changed. Petitioner filed his application for CAT relief on August 28, 2019, and more than three years have passed without a final decision. In the meantime, Petitioner waits in confinement. Although a renewed habeas petition would not be foreclosed by this Recommendation, at this juncture what is before the Court is the enforcement of its previous Order. On that issue, the Court finds that its previous order was complied with and that reconsideration of its order as to the burden of proof or whether the detention hearing should be held by this Court is not warranted.

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Petitioner's Motion to Enforce, ECF No. [26], be **DENIED**.

---

[3] Indeed, the IJ acknowledged this at the Bond Hearing, stating, "I know you indicated sort of like a parole hearing over and over, but many individuals don't get released on their first parole hearing either. So for right now, I'm going to deny his request for bond as a danger to the community." ECF No. [43-1] at 26.

ECF No. [22] at 7–8 ("The Court overrules Petitioner's first objection because an individualized bond hearing will adequately protect his due process rights . . . The Court also overrules Petitioner's second and third objections based on guidance from *Sopo I* [regarding the burden of proof]."). There are no new arguments here that would support the Court's reconsideration of this point. Thus, the undersigned **RECOMMENDS** that the Motion to Enforce be **DENIED** as to the portion seeking reconsideration as well.

Petitioner's argument regarding the unconstitutionality of his prolonged detention is not before the Court at this time. This is not to say that the issue cannot be raised again.[3] In Petitioner's earlier petition in this Court, the District Court *did* grant habeas relief. The relief that was ordered was not release, but rather, that the immigration court hold an individualized hearing, which did occur on March 9, 2022. ECF No. [22] at 7–8. Since the March 3, 2022 Order, Petitioner's situation has not materially changed. Petitioner filed his application for CAT relief on August 28, 2019, and more than three years have passed without a final decision. In the meantime, Petitioner waits in confinement. Although a renewed habeas petition would not be foreclosed by this Recommendation, at this juncture what is before the Court is the enforcement of its previous Order. On that issue, the Court finds that its previous order was complied with and that reconsideration of its order as to the burden of proof or whether the detention hearing should be held by this Court is not warranted.

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Petitioner's Motion to Enforce, ECF No. [26], be **DENIED**.

---

[3] Indeed, the IJ acknowledged this at the Bond Hearing, stating, "I know you indicated sort of like a parole hearing over and over, but many individuals don't get released on their first parole hearing either. So for right now, I'm going to deny his request for bond as a danger to the community." ECF No. [43-1] at 26.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on November 14, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE